A. E. F. VETERANS ASSOCIATION, 37TH DIVISION, APPELLANT, *v.* BD. OF LIQUOR CONTROL ET AL., APPELLEES.

(No. 4833—Decided March 20, 1953.)

*Mr. Paul F. Ward, Mr. James S. Kimble* and *Mr. Robert R. Shaw,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. Ralph N. Mahaffey,* for appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County affirming an order of the Board of Liquor Control revoking a D-4 permit under which the A. E. F. Veterans Association, 37th Division, operated as a "club" in Steubenville, Ohio.

The Board of Liquor Control, after a hearing, revoked the permit on the ground that the permit holder did not operate a bona fide private club, and also on the ground that in its application for a permit it made certain false material statements, all in violation of the provisions of the Ohio Liquor Control Act.

Upon appeal the Common Pleas Court affirmed the order of the board.

In the application for a permit the statement was made that the permit holder was a corporation not for profit, whereas in truth and in fact it was not a corporation but was an association. Under the provisions of Section 6064-25, General Code, the board may revoke a permit "for making any false material statement in an application." The statement was false. Was it a false *material* statement? A statement made in an application may be material or immaterial, depending on the circumstances. Where it clearly appears that the substance of the false statement consists of information as to which the board will not exercise discretion or which will have no bearing in determining whether the permit shall be granted, such false statement will not be regarded as material; but where the false statement affects the procedural steps to be taken by the board in arriving at a decision on the ap-

plication or where the board is required to exercise some discretion on the information given, such statement will be regarded as a false *material* statement. The false statement cannot be regarded as immaterial simply because Section 6064-1, General Code, defines a club as a corporation or an association. If the club is an association as distinguished from a corporation, additional information is required by the board as indicated in the record before making a decision on the application.

Since we find no error in the record prejudicial to the appellant, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.